IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UT CHI VO,

    Petitioner,

v.

BEN CURRY, Warden,

    Respondent.

No. C 07-2305 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## DISCUSSION

**A.**    **STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.     ISSUES PRESENTED**

Petitioner was convicted of second degree murder in 1985. He received a sentence of fifteen years to life in prison. In this petition he challenges the 2005 decision by the Board of Parole Hearings ("Board") finding him unsuitable for parole.

As grounds for federal habeas relief, petitioner asserts that his due process rights were violated by the Board's use of a "some evidence" standard of proof, and by the finding that he was unsuitable for parole when there was no evidence except the offense of conviction to support that result. Among other things, respondent contends in response that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

      **1.     RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

          **a.     LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

3

### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIMS

#### a. STANDARD OF DECISION

Petitioner appears to believe that the Board used the "some evidence" standard at the initial decision-making level, when its proper place is as a review standard. There is no evidence of this, so the claim fails. The state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

#### b. "SOME EVIDENCE"

In his second issue petitioner contends that there was no evidence that he currently is a threat to public safety. As a matter of due process a parole denial must be supported by at least "some evidence." *See McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002)

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*,

4

1  461 F.3d at 1128.  The some evidence standard is minimal, and assures that "the record is not so
2  devoid of evidence that the findings of the disciplinary board were without support or otherwise
3  arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

4  It is now established under California law that the task of the Board of Parole Hearings
5  and the governor is to determine whether the prisoner would be a danger to society if he or she
6  were paroled.  *See In. re Lawrence*, 44 Cal. 4th 1181 (2008).  The constitutional "some
7  evidence" requirement therefore is that there be some evidence that the prisoner would be such
8  a danger, not that there be some evidence of one or more of the factors that the regulations list
9  as factors to be considered in deciding whether to grant parole.  *Id.* at 1205-06.

10  Part of petitioner's argument on this claim is that his offense, being twenty years old at
11  the time of the hearing, could no longer be "some evidence" that he was a threat to society.  It
12  may be that after a sufficient passage of time some offenses cease to have any evidentiary value
13  in deciding whether the offender would be a danger to society if released.  *See Biggs v.*
14  *Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003).  This issue need not be decided here, however,
15  because parole was not denied solely because of the commitment offense.

16  The evidence supporting the denial included evidence that petitioner still does not
17  understand why he committed the offense, and perhaps that he killed the victim because he
18  "loved her so much," both of which support the Board's conclusion that petitioner lacks the sort
19  of insight into the offense that might help him avoid trouble in the future (Exh. 3 at 23, 66-67);
20  that he lacked a confirmation letter from the brother with whom he hoped to live if paroled (*id.*
21  at 29); that he has not completed any vocational training programs in prison, and although he
22  hoped to obtain work repairing stoves and microwave ovens, he had no experience doing so (*id.*
23  at 32-33); and that he has failed to work on getting his GED, despite having had twenty years to
24  do so and having had a previous panel recommend that he do so (*id.* at 36).  As the Board noted,
25  petitioner's lack of insight into the wellspring of his crime suggests that he might be a danger to
26  anyone who entered into a romantic relationship with him (*id.* at 66-67), and the other factors
27  listed above suggest that he might have problems finding a place to live and supporting himself,
28  problems that might lead to a reversion to crime.

Because the evidence recited above constitutes "some evidence" to support the denial, there was no due process violation. Because there was no constitutional violation, the rejections of these claims by the state courts were not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  14 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\VO2305.RUL.wpd